**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEBORAH HEINRICH,

     Plaintiff - Appellant,

v.

THE CITY OF CASPER,

     Defendant - Appellee,

and

THOMAS PAGEL; STEVEN FREEL;
JOSEPH MOODY,

     Defendants.

No. 12-8070
(D.C. No. 1:11-CV-00280-SWS)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **GORSUCH**, and **BACHARACH**, Circuit Judges.

When a city designates a person to serve as its representative in a Fed. R.

Civ. P. 30(b)(6) deposition, does it mean that individual enjoys final

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

policymaking authority for the municipality? The answer of course is no, and to know that much is enough to decide this case.

Deborah Heinrich originally sued Casper and several police officers under 42 U.S.C. § 1983. At this point, though, all that remains for us to decide is the fate of her claim against the city. To prevail in a § 1983 action against a municipality, a plaintiff must show that her injuries arose as a result of an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Though there are many ways to prove the existence of an offending policy or custom, Ms. Heinrich relies on just one in this case: a city employee with "final policymaking authority" who ratifies unconstitutional conduct by his subordinates is said to articulate official policy and so open the municipality to liability. *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010). In this case, Ms. Heinrich alleges that Chris Walsh, the chief of police, was a final policymaker for Casper and that he ratified unconstitutional conduct taken against her by his subordinates.

But whether Mr. Walsh ever, in fact, ratified unconstitutional activities by his subordinates (as Ms. Heinrich alleges) or not (as the city contends) we don't have to decide. We don't because, as the city notes, Ms. Heinrich's claim fails as a matter of law for a more fundamental reason: she has not shown that Mr. Walsh *was* a final policymaker of any kind for the city.

Ms. Heinrich insists Mr. Walsh qualifies as a final policymaker solely by virtue of his service as the city's designated corporate representative in a Rule 30(b)(6) deposition. A Rule 30(b)(6) deponent, she insists, *must* be a final policymaker because the deponent is designated to speak on behalf of the organization he represents. Appellant's Br. 34. She stresses that a Rule 30(b)(6) deposition seeks testimony about "the organization [the deponent] represents," that any testimony he gives is admissible against the organization at trial, and that an organization makes "a conscious choice" to pick an individual as its corporate representative. Appellant's Reply Br. 9-10.

Ms. Heinrich's conclusion, however, doesn't follow from her premises. A city's Rule 30(b)(6) designee is surely charged with *knowledge* of municipal policy and should be able to *report* the contents of that policy. A Rule 30(b)(6) designee's testimony is, as well, surely *admissible* against the city at trial. But none of that necessarily means the designee is authorized to *set* or *change* policy. A corporation (and a city is just that) may choose to use a final policymaker as its representative at a deposition, but the Rule doesn't command it to do so and the selection of a person to serve as a corporate representative doesn't necessarily imply that person enjoys any kind of final decisionmaking authority. In fact, faithful Rule 30(b)(6) representatives are not infrequently drawn from the middle ranks, not from among the pool of CEOs, corporate board members, or (for that matter) mayors. Neither, as Ms. Heinrich seems to think, does a Rule 30(b)(6)

deponent bind its employer "in the sense that the [employer] is forbidden to call the same or another witness to offer different testimony at trial." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2103, at 469-70 & n.25 (3d ed. 2010) (collecting cases). Rule 30(b)(6) merely makes the deponent's statements admissible against the employer, reflecting again only the representative's (presumed) knowledge of relevant facts, not his or her power to make policy. *Id.*

It's entirely possible Mr. Walsh was and is a final policymaker for Casper. The difficulty is we just don't know. Aside from pointing to his designation as a Rule 30(b)(6) witness, Ms. Heinrich offers no argument and cites no evidence suggesting as much. And with that essential piece missing, there's no saving her claim. Without a final policymaker, there can be no ratification. And without ratification (or some other theory to show a municipal policy), there can be no *Monell* claim. *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

- 4 -